UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ARSEY L. BOLTON,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT McEWEN,<br><br>    Respondent. | No.  2:14-cv-0803 GEB CKD P<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

    Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1 ("Ptn.")) Before the court is respondent's July 9, 2014 motion to dismiss the petition for untimeliness. (ECF No. 13.)  Petitioner has filed an opposition (ECF No. 14), and respondent has filed a reply (ECF No. 16).

I.  <u>Procedural History</u>

    In his petition, petitioner indicates that he asserted various grounds for relief in the California Court of Appeal and California Supreme Court on direct appeal of his conviction. (Ptn. at 2.)  He also asserted certain grounds for relief in the state superior court on post-conviction collateral review.  (<u>Id.</u> at 3.)  In his federal petition, however, petitioner raises only one

1

ground for relief:  He was "denied the right to a free transcript" in his state habeas proceedings. Petitioner asserts this was a violation of his federal right to due process.  (Id. at 6.)

The court ordered the petition served on respondent and directed respondent to file a response.  (ECF No. 5.)  Respondent subsequently filed his motion to dismiss on the ground of untimeliness.  (ECF No. 13.)  In his opposition to the motion, petitioner requested that the court "hear this petition on account that petitioner needs his trial transcripts on . . . habeas corpus and further appeals processes."  (ECF No. 14.)

Respondent filed a reply, asserting for the first time that the court lacks jurisdiction to consider the petition because its sole claim does not satisfy the "in custody" requirement of 28 U.S.C. § 2254(a).  (ECF No. 16.)  Respondent noted that the motion to dismiss "inadvertently failed to challenge whether Petitioner satisfied the 'in custody' requirement" and stated that he had no objection to petitioner filing a sur-reply.  (Id. at 2, n.2.)  Petitioner filed a sur-reply, arguing that he is entitled to his trial transcript.  Petitioner stated that "[t]here are no other claims [in] the present petition because petitioner do[es] not have any kind of supporting documents at this time to send to the courts for proof."  (ECF No. 18 at 2.)

II. Analysis

As a general rule, parties "cannot raise a new issue for the first time in their reply briefs." State of Nev. v. Watkins, 914 F.2d 1545, 1560 (9th Cir. 1990); see also Cedano–Viera v. Ashcroft, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."), citing Thompson v. Commissioner, 631 F.2d 642, 649 (9th Cir. 1980).

However, "[a] party may raise jurisdictional challenges at any time during the proceedings," even on appeal for the first time.  Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 595 (9th Cir. 1996).  See Community Health Plan of Ohio v. Mosser, 347 F.3d 619, 622 (6th Cir. 2003) (because existence of subject matter jurisdiction may be raised any time, by any party or sua sponte, "we will hear [defendant's] subject matter jurisdiction issue despite the fact that he raised it for the first time in his reply brief."), overruled on other grounds by Primax Recoveries, Inc. v. Gunter, 433 F.3d 515 (6th Cir. 2006).  Thus the court considers

respondent's argument that the court lacks subject matter jurisdiction in this action.

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is jurisdictional for a federal habeas court. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). In Bailey, the Ninth Circuit observed that the "in custody" requirement of federal habeas law has two aspects. First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed." Bailey, 599 F.3d at 978–979, quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005). Second, section 2254(a) "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." Bailey, 599 F.3d at 980.

Here, petitioner claims his due process rights were violated because he did not receive a free transcript for use in state habeas proceedings. This claim does not meet the "in custody" requirement of § 2254(a): Even if petitioner received the transcript, he "would still have to serve the rest of his custodial sentence in the same manner." Bailey, 599 F.3d at 981. Thus the remedy sought "does not directly impact – and is not directed at the source of the restraint on – his liberty" so as to confer subject matter jurisdiction. Id. Moreover, the Ninth Circuit has held that federal habeas petitions asserting "error in the state post-conviction proceeding do not represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief." Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989).

Based on the foregoing, the undersigned concludes that the petition should be dismissed for lack of subject matter jurisdiction.[1]

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Respondent's motion to dismiss (ECF No. 13) be granted; and

2. The petition be dismissed for lack of subject matter jurisdiction.

/////

---

[1] The court does not reach respondent's alternative arguments for dismissal.

3

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 2, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / bolt0803.mtd