UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ARSEY L. BOLTON,<br><br>                 Petitioner,<br><br>      v.<br><br>SCOTT McEWEN,<br><br>                 Respondent. | No.  2:14-cv-0803 GEB CKD P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 2, 2014, the undersigned filed findings and a recommendation that respondent's motion to dismiss the petition (ECF No. 15) be granted due to the court's lack of subject matter jurisdiction over the sole claim presented.  (ECF No. 19.) Petitioner has filed objections to the findings and recommendations.  (ECF No. 20.)

In his objections, petitioner "asks this court if it can toll petitioner's time to file an amended petition with the issues that [were] raised in petitioner's petition for review that was denied in March 2014."  (ECF No. 20 at 1.)  It appears that petitioner is referring to certain claims raised in the California Supreme Court, which he lists as "new evidence, sentence greater than legislature intended, perjury."  (ECF No. 1 at 2.)

Under AEDPA, the limitation period is not tolled for the time a federal habeas application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 181-182 (2011).  However, if

1

claims in an amended federal petition "relate back" to claims in a timely-filed first petition, they will be considered timely. Mayle v. Felix, 545 U.S. 644, 650 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000). "An amended habeas petition does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Hebner v. McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008) (quoting Mayle, 545 U.S. at 650).

Here, as the facts underlying petitioner's proposed new claims appear to differ in "time and type" from the facts underlying his original claim, it is not at all clear that such claims would "relate back" to the original petition for purposes of tolling.[1] However, petitioner will be granted leave to file an amended petition. Such a petition should include only exhausted claims which assert that petitioner is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Failure to timely file an amended petition will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to redesignate the findings and recommendations filed September 2, 2014 as an Order;

2. Respondent's motion to dismiss (ECF No. 13) is partially granted as follows:

3. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

4. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

5. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: October 17, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/bolt0803.114

---

[1] The court expresses no opinion as to whether the original petition in this action is timely.