1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    D'ARSEY L. BOLTON,                          No.  2:14-cv-0803 GEB CKD P

12                     Petitioner,

13           v.                                   FINDINGS AND RECOMMENDATIONS

14    SCOTT McEWEN,

15                     Respondent.

16

17           Petitioner, a state prisoner represented by counsel, has filed a petition for writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254.  This action proceeds on the Second Amended Petition.

19    (ECF No. 27.)  Before the court is respondent's March 20, 2015 motion to dismiss the petition as

20    untimely.  (ECF No. 30.)  Petitioner has filed an opposition to the motion, and respondent has

21    filed a reply.  (ECF Nos. 32 & 33.)  For the reasons set forth below, the undersigned will

22    recommend that respondent's motion be granted.

23                       FACTUAL AND PROCEDURAL HISTORY

24           In 2008, in the Lassen County Superior Court, petitioner admitted 11 prior felony

25    convictions under California's Three Strikes Law[1], and a jury convicted him of possession of a

26    sharp instrument in prison (Cal. Pen. Code § 4502,  subd.(a)).  On July 24, 2008, petitioner was

27    _____

       [1] Cal. Penal. Code § 667, subds. (b)-(i).

28

1

1  sentenced to an indeterminate state prison term of twenty-five years to life, consecutive to the

2  prison term he was already serving.  (Lod. Docs. 1 & 2. [2])

3          On July 29, 2010, the California Court of Appeal, Third Appellate District, found that the

4  trial court failed to properly advise petitioner and elicit a waiver of his rights before accepting his

5  admission of 11 prior felony convictions.  It reversed the trial court's findings that the prior

6  convictions were true, vacated the sentence, and remanded the matter for further proceedings on

7  the prior conviction allegations.  In all other respects, the judgment was affirmed.  (Lod. Doc. 2.)

8          On October 21, 2010, the trial court conducted resentencing proceedings on the prior

9  conviction allegations on remand.  Petitioner admitted all the sentencing enhancements and was

10  again sentenced to an indeterminate state prison term of twenty-five years to life.  (Lod. Doc. 4.)

11          Petitioner did not appeal this sentence.  He filed two pro se state post-conviction collateral

12  challenges with respect to the judgment, both petitions for writs of habeas corpus[3]:

13          The First Petition

14          February 12, 2013:  Petition for writ of habeas corpus filed in the Lassen County Superior

15  Court (Lod. Doc. 6).

16          June 28, 2013:  Petition denied (Lod. Doc. 7).

17          The Second Petition

18          December 2, 2013:  Petition for writ of habeas corpus filed in the California Supreme

19  Court (Lod. Doc. 8).

20          February 19, 2014:  Petition denied (Lod. Doc. 9).

21          On January 29, 2012, while his second state petition was pending, petitioner filed a federal

22  habeas action challenging his conviction.  Bolton v. McEwen, No. 2:12-cv-0295 LKK EFB.  On

23  February 15, 2013, the court dismissed the petition for failure to exhaust administrative remedies.

24  _____

25  [2] See ECF No. 15 (Respondent's Notice of Lodging Documents).

26  [3] Where applicable, the petitions listed were given the benefit of the "mailbox rule," Habeas Rule
    3(d), in which a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison
27  authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar
    v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).  The mailbox rule applies to federal and state
28  petitions alike.

1    (Id., ECF Nos. 23 & 24.)

2         Petitioner constructively filed the original petition in this action on March 25, 2014.  (ECF

3    No. 1.)  It asserted one claim: that petitioner was "denied the right to a free transcript" in his state

4    habeas proceedings.  (Id. at 6.)  Respondent argued that the petition was untimely and that the

5    court lacked subject matter jurisdiction over petitioner's claim.  (ECF Nos. 13 & 16.)  On October

6    17, 2014, the petition was dismissed for lack of subject matter jurisdiction with leave to amend.

7    (ECF Nos. 19 & 21.)  The court did not reach respondent's alternative argument that the petition

8    was untimely.  (ECF No. 19.)

9         Petitioner filed the First Amended Petition on November 3, 2014.  (ECF No. 22.)  It raised

10   four claims: (1) Denial of effective assistance of counsel; (2) conviction obtained by the

11   unconstitutional failure of the prosecution to disclose evidence favorable to the defense; (3)

12   perjury; and (4) sentence greater than legislature intended.  (Id. at 4-5.)

13        Shortly afterward, petitioner acquired representation by counsel and was granted leave to

14   file a Second Amended Petition.  (ECF No. 29.)  This operative petition raises two claims:

15   ineffective assistance of counsel and prosecutorial misconduct with respect to missing evidence.

16   (ECF No. 27.)

17        On March 20, 2015, respondent moved to dismiss the Second Amended Petition for

18   untimeliness.  (ECF No. 30.)

19                    STATUTE OF LIMITATIONS UNDER THE AEDPA

20        Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and

21   Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See Lindh v. Murphy, 521 U.S.

22   320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  The AEDPA imposed a

23   one-year statute of limitations on the filing of federal habeas petitions.  Title 28 U.S.C. § 2244

24   provides as follows:

25              (d)(1)  A 1-year period of limitation shall apply to an application
                for a writ of habeas corpus by a person in custody pursuant to the
26              judgment of a State court.  The limitation period shall run from the
                latest of –
27
                     (A)   the date on which the judgment became final by the
28              conclusion of direct review or the expiration of the time for seeking

                                          3

such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court.  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable."  See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

## ANALYSIS

I. Commencement of the Running of the Limitation Period

Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by

1   the conclusion of all direct criminal appeals in the state court system followed by the expiration

2   of the time permitted for filing a petition for writ of certiorari.  Wixom, 264 F.3d at 897 (quoting

3   Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

4         Petitioner did not seek direct review of his October 21, 2010 sentence.  Thus, the time to

5   seek direct review ended sixty days later on December 20, 2010, when time to file a direct appeal

6   expired.  Cal. Rule of Court, Rule 8.308.  The one-year limitations period commenced running

7   the following day, December 21, 2010, and concluded one year later.  28 U.S.C. § 2244(d)(1);

8   Fed. R. Civ. P. 6(a).  Thus the last day to file a federal petition was December 20, 2011, plus any

9   time for tolling.

10        Petitioner commenced this federal habeas action on March 25, 2014 and filed his amended

11  petitions on November 3, 2014 and February 5, 2015, respectively.  His previously-filed federal

12  action did not serve to toll the AEDPA limitations period for this action.  Duncan v. Walker, 533

13  U.S. 167, 181-182 (2011).  Thus the question is whether the limitations period was tolled in some

14  other way so as to make the petition timely.

15  II.  Statutory Tolling

16        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

17  for State post-conviction or other collateral review with respect to the pertinent judgment or claim

18  is pending shall not be counted toward" the one-year limitation period.  28 U.S.C. § 2244(d)(2).

19        The tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot

20  "revive" the limitations period once it has run (i.e., restart the clock to zero).  Thus, a state court

21  habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the

22  limitations period under § 2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.

23  2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

24        Here, both of petitioner's state petitions were filed after the one-year statutory limitations

25  period ended on December 20, 2011.  Because these state petitions cannot toll the running of the

26  already-run statute, petitioner is not entitled to statutory tolling.

27  ////

28  ////

III.  Equitable Tolling

In opposition to the motion to dismiss, petitioner argues that the petition is timely due to equitable tolling of the AEDPA limitations period.  (ECF No. 32.)  In doing so, he reasserts the argument for timeliness presented in his Second Amended Petition.  (ECF No. 27 at 11-17.)

The AEDPA statute of limitations may be subject to equitable tolling if a petitioner can demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing on time.  Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).  Petitioner must show that the "extraordinary circumstance" was the cause of the untimeliness.  See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  Equitable tolling is "unavailable in most cases."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), citing Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  Id. (internal quotation marks and citation omitted).

Petitioner asserts that he is entitled to equitable tolling due to the illegality of his sentence, the violation of his Constitutional right to effective assistance of counsel, and other errors of a Constitutional nature.  (ECF No. 32.)

Having reviewed petitioner's arguments, the undersigned concludes that he has not met his burden to show either diligence or "extraordinary circumstance" such as to warrant equitable tolling.  Thus the court need not address whether the claims in the Second Amended Petition "relate back" to the claim asserted in the original petition filed on March 25, 2014.  See Mayle v. Felix, 545 U.S. 644, 640 (2005).  Even if so, petitioner's claims were brought more than two years after the limitations period ended.

As petitioner does not meet the high bar for equitable tolling of the AEDPA limitations period, the undersigned will recommend dismissal of this action for untimeliness.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 30) be granted and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be served and filed within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time waives the right to

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 31, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ bolt0803.mtd_fr

7